Simmons v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand nineteen.

PRESENT: DENNIS JACOBS,
    REENA RAGGI,
    GERARD E. LYNCH,
      Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

AYANA SIMMONS, individually and on behalf of the estate of Idrissa Camara, Aisha Camara, Moussa Camara, and Djeneba Camara,
   Plaintiff-Appellant,

  **-v.-**               **18-909**

UNITED STATES OF AMERICA,
   Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:     ALISON FRICK (Andrew G. Celli, Jr., <u>on the brief</u>), Emery Celli Brinckerhoff & Abady LLP, New York, NY.

FOR DEFENDANT-APPELLEE:     ANDREW E. KRAUSE, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ayana Simmons, the widow of a security guard in a federal building, appeals the dismissal of her suit against the United States following the fatal shooting of her husband, Idrissa Camara, by a disgruntled former Department of Labor ("DOL") employee in August 2015. Simmons argues that the government negligently failed to warn Camara of the disgruntled employee, and that this negligence exempts the government from the discretionary function exception ("DFE") to the waiver of sovereign immunity contained in the Federal Tort Claims Act ("FTCA"). We accept the facts as pleaded in the complaint and assume the parties' familiarity with the procedural history and the issues presented for review.

Kevin Downing, the shooter, was fired from the DOL office located at 201 Varick Street, the federal office building where Camara worked as a lobby

security guard. He was employed by FJC Security Services, Inc. ("FJC"), with which the government contracted to provide building security.

Following Downing's threats of violence against DOL and its employees, the government requested that FJC create and staff an extra security post outside of DOL's offices on the eighth floor. Neither Camara nor any other lobby security guard was notified of the threat posed by Downing. On August 21, 2015, Downing entered the lobby of 201 Varick Street, shot and killed Camara, and then killed himself.

At oral argument, a dispute emerged as to whether the complaint may fairly be read to allege that the government informed FJC about Downing. But as the district court observed:

> [T]he complaint does not allege . . . that [the government] failed to warn FJC about the threat Mr. Downing posed. In fact, the complaint alleges instead that [the government] failed to "direct FJC to warn Mr. Camara about Mr. Downing, or to take any additional precautions to ensure Mr. Camara's safety."

J. App'x 22 (quoting Complaint ¶¶ 28, 31). We agree that the negligence alleged in the complaint is the failure to warn Camara or to instruct FJC to warn him—not a failure to warn FJC. Moreover, Simmons's briefing characterizes the negligent act as a failure to warn Camara and other frontline staff. See Appellant's Br. at 6 (citing Complaint ¶ 28) ("[A] security guard was posted full-time on the eighth floor to protect the DOL office from Kevin Downing."); id. at 7 (citing Complaint ¶¶ 5, 30) ("Neither Mr. Camara nor any other frontline security officer was told . . . ."); id. at 11 ("Plaintiff has sufficiently pled that there was *no* conscious decision about whether to inform Mr. Camara or the other security officers working in the lobby . . . .") (emphasis in original). Accordingly, whether or not the government warned FJC, the only negligent acts alleged by plaintiff are the government's [1] failure to warn Camara and [2] failure to instruct FJC to warn Camara.

3

The FTCA waives sovereign immunity for certain damages claims. See 28 U.S.C. § 1346(b)(1). The DFE excepts from this waiver claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. § 2680(a). The DFE applies if the challenged conduct "involves an element of judgment or choice," Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988), and that judgment is "based on considerations of public policy," id. at 537. "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991). Where the DFE applies, no subject matter jurisdiction exists over the FTCA claim. Id. at 322.

When considering a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "we review factual findings for clear error and legal conclusions de novo." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) (quoting Close v. New York, 125 F.3d 31, 35 (2d Cir. 1997)).

Simmons argues that the district court erred by placing the burden on her (rather than on the government) to show that the DFE applies. Since we conclude that the DFE applies to this case no matter how the burden lies, we need not consider the argument.

Because the parties agree that the challenged action involves an element of judgment, see Appellant's Br. at 14 n.2; Appellee's Br. at 12, we proceed to the second question of whether that judgment is susceptible to policy analysis. We conclude that it is. Simmons challenges the government's decision to request an additional security post outside the DOL offices on the eighth floor without specifically notifying, or directing FJC to notify, the individuals assigned at

4

various times to the lobby or other security posts. That decision entailed policy considerations regarding expense, time-management, and (most of all) the trade-offs of security interests against public access to the building and panic by the government employees at 201 Varick Street. The decision not to warn security guards employed by FJC (or to instruct FJC to warn them) is susceptible to these considerations as well.

Simmons characterizes the decision not to inform Camara (or instruct FJC to inform Camara) as a negligent failure to warn that falls outside the scope of the DFE. Simmons relies on Andrulonis v. United States, 952 F.2d 652, 655 (2d Cir. 1991), but that case is inapposite. In Andrulonis, government lab technicians failed to warn of unsafe laboratory conditions that resulted in an employee's contraction of rabies; here, the government made a decision to handle the Downing threat by requesting an extra security guard on the eighth floor; the inaction alleged is the failure to take additional measures. Whether characterized as an act or as a failure to act further, that decision is susceptible to policy analysis.

We have considered Simmons's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court